## William S. Maynard v. Thomas J. Hoskins and others.

An indorsement upon an appeal bond in Chancery, signed by the proper officer, in the following words:—"I approve of this bond, both in form and substance," will be held an approval both of the sureties and of the penal sum; and is sufficient.

On a motion to dismiss the appeal for want of a sufficient bond, affidavits will not be received to enlarge or restrict the force of such an endorsement.

*Heard May 22nd. Decided May 24th.*

Motion to dismiss an appeal in chancery, for the insufficiency of the appeal bond. There was nothing upon the bond, or in the transcript returned, to show that, previous to the execution of the bond, the amount of the penalty had been fixed by a Circuit Judge or circuit court commissioner; and the approval endorsed upon it, which was signed by the circuit court commissioner, was in the following words: "I approve of this bond, both in form and substance."

*H. J. Beakes*, and *C. I. Walker*, for the motion, con-

tended that here was neither a fixing of the penalty of the bond, nor an approval of the sureties, as required by the statute. This approval, by its very terms, is confined to the form of the bond—to the sufficiency of the terms in which the obligation is expressed. It does not relate at all to the sufficiency of the sureties, and might have been endorsed before the bond was signed as properly as afterwards. They cited 4 *Paige* 457, 454; 11 *Paige* 156; 2 *Hoff. Ch. Pr.* 27; 2 *Barb. Ch. Pr.* 402.

*O. Hawkins* and *G. V. N. Lothrop*, contra, while insisting upon the sufficiency of the bond, offered affidavits to show the responsibility of the sureties, and that the commissioner was satisfied with them when he endorsed his approval, and also that the Circuit Judge orally directed what should be the penalty of the bond before this was given. These affidavits were objected to, and if the court received them, the appellee offered to read affidavits in opposition.

THE CHIEF JUSTICE:

From inspection of the bond, and the endorsement of the circuit court commissioner upon it of his approval, we are satisfied that there has been a substantial compliance with the statute.

The statute prescribes that, within the forty days allowed for claiming and entering an appeal, the appellant shall file with the register who entered the decree appealed from, a bond to the appellee, with sufficient sureties, to be approved by the commissioner, or a judge of the circuit court, and in such sum as such commissioner or judge shall direct, conditioned, &c. A proper bond was filed within the prescribed time, and the commissioner's endorsement upon it of his approval, in the absence of any statutory requirement of a special endorsement, is evidence of a full compliance on the part of the appellant with the requirements of law. Appeals are to be favored, rather

than discouraged; and no technical nicety, in construing the acts of others than the appellant, should be permitted to defeat his rights. The bond having been presented to the commissioner for his approval, he must be presumed to have known his duty, and in endorsing an approval, to have intended to discharge all his duties, viz: that of approval of the sureties, and of the penal sum; which latter would be tantamount to a direction of the amount. It is true that were a bond presented to an attorney for his opinion as to its sufficiency in form and substance, he would regard only the body of the instrument, and not inquire as to the sufficiency of the sum, or the ability of the sureties, for the reason that such would not legitimately fall within his professional cognizance. But when such bond is presented to an officer having certain duties respecting it prescribed by law, and he approves it, either in general words, or such as are used in this case, such approval should, upon every principle of equity and right, be presumed to have been made with full understanding of his duties, and held to embrace every thing within his jurisdiction. The language of this endorsement was evidently meant to include all this, and not as qualifying such approval. The motion is denied.

We disregard entirely the affidavits presented, as not proper on this motion.